SCHOOL DISTRICT NO. 11 *v.* SCHOOL DISTRICT NO. 20.

Opinion delivered March 13, 1897.

"CITIZEN" DEFINED.—The word "citizen," as used in Sand. & H. Dig., § 6984, to denote the persons who may sign a petition for a change of the boundaries of a school district, is synonymous with "elector."

STATUTE—EFFECT OF REPEAL ON EXISTING SUITS.—The act of April 1, 1895, § 5, repealing Sand. & H. Dig., § 6984, which permitted citizens to sign petitions for change of the boundaries of school districts, applies to proceedings on such a petition pending in the circuit court on appeal from the county court at the time of passage of the act, as no private rights are involved.

SCHOOL DISTRICT—PETITION FOR CHANGE OF BOUNDARIES.—Sand. & H. Dig., § 7064, providing that any person whose children and property have been transferred to a district other than that in which he resides may vote in the former, does not make him an "elector and resident," within section 6989, *ib.*, so as to render him competent to sign a petition to change the boundaries thereof.

SAME—PETITION—WITHDRAWAL OF NAME.—One who has signed his name to a petition for change of the boundaries of two school districts should be permitted, on application to the county court while the petition is pending, to erase his name therefrom, on a showing that he signed it under a misapprehension of the facts induced by misrepresentations.

SAME—PETITION FOR CHANGE OF BOUNDARIES—EVIDENCE.—Evidence
that some of the petitioners on a petition to change the boundaries
between two school districts were not in fact electors residing in
either of the districts, as required by Sand. & H. Dig., § 6989, is
admissible.

Appeal from Cross Circuit Court.

FELIX G. TAYLOR, Judge.

### STATEMENT BY THE COURT.

This is a controversy between two school districts,
on petition of what appears to be a majority of the citi-
zens of each of the districts, to transfer a sixteenth sec-
tion from district No. 11 to district No. 20, which of
course was a change of the boundary line between them.
An order for the change was made in the county court,
and district No. 11 appealed to the circuit court, where
the matter was tried *de novo*, and before a jury, result-
ing in an affirmance of the order of the county court;
and from this judgment district No. 11 appeals to this
court.

The grounds for a new trial are : "(1)　That the
court erred in holding that persons who were not elec-
tors could be counted on plaintiff's petition.　(2)　That
the court erred in refusing to allow defendant to intro-
duce proof to show that the plaintiff did not have a
majority of the electors of the two districts on its peti-
tion.　(3)　That the court erred in holding that the
Bamsons could not be heard in this court to say that
they signed the plaintiff's petition under misapprehen-
sion as to the true facts, and to show cause why they
should be allowed to withdraw from said petition, not-
withstanding they raised the question in the county
court.　(4)　That the court erred in refusing to instruct
the jury that the plaintiff could not recover, unless
from the proof it appeared that plaintiff had, as signers
to its petition, a majority of the citizens of district No.

11. (5) That the judgment was contrary to law. (6) That the judgment was contrary to the testimony."

In the course of the hearing of the petition and counter-petition in the county court, M. E. Bamson, W. B. Bamson and W. E. Bamson filed their petition to be permitted to take their names from plaintiff's petition, alleging that they had signed the same under a misapprehension of the facts, which had been falsely represented to them by the persons getting up the petition for plaintiff; also alleging that they were all three unable to read.

*O. N. Killough* and *Norton & Prewett* for appellant.

Only the *electors* on the petition could be counted. Mansf. Dig., sec. 6171, 6175; Sand. & H. Dig., sec. 6984. The judgment in this case was rendered after the former law was repealed, and a repealed law must be considered as a law that never existed, except as to actions begun, prosecuted and concluded while it was an existing law. Sedgw. St. & Const. Law, 130. See also Acts 1887, p. 286; 54 Ark. 134. It was error to refuse to allow proof that the signers to appellee's petition were not a majority of the electors of the two districts, and also to refuse the Bamsons the right to have their names stricken off the petition for cause.

*T. E. Hare* for appellee.

Sections 6984 and 6989, Sand. & H. Dig., are not repugnant. The former section applied to old established districts; the latter to the formation of new districts. 54 Ark. 134. Mere similarity in the two statutes is not enough to effect a repeal. 111 Ind. p. 112; 48 N. Y. 540. See 8 Wall. (U. S.) 105; 29 So. C. 476. The court properly submitted the question of fact as to whether the Bamsons signed the petition on misrepresentations of Burton or not to the jury, and they found against them. The repeal of the act did not

affect this proceeding.   Sand. & H. Dig., § 7203; 44 Ark. 273, 280.   The law was not retroactive.   86 Conn. 397; 59 N. H. 35; 18 Abb. Pr. 143; 11 Heisk. (Tenn.) 682; 48 Ark. 515.

"Citizen" defined.

BUNN, C. J., (after stating the facts.)   From the common understanding as to the meaning of the words, "citizen" and "electors," as used to denote persons who may sign petitions in the matter of the arrangement of school districts, and from the fact that some other word than "citizen" is employed in other matters, whenever the desire is to include other than electors, we are of the opinion that the two words, as employed in the acts involved in this litigation, are substantially synonymous, that is to say, the word "citizen" means "an elector," in such connection.

Section 6984 of Sandels & Hill's Digest, which had been substantially the law since 1875, was repealed expressly by the fifth section of the act approved April 1, 1895 (page 83, Acts of 1895); and the law now in force on the subject is section 6989 of Sandels & Hill's Digest, which is part of the act approved April 18, 1887, and in which the word "elector" is used instead of "citizen," as appears in the section repealed, to wit, section 6984 of the Digest.

Effect of repeal of statute.

Section 5 of the act of 1895 was passed and took effect on the 1st April, 1895, eight days before the final hearing of this cause on the 9th April, 1895, and the inference is that the proceeding in the county court, and the appeal to the circuit court, were all had before the passage of the repealing act.   The contention of appellee in this regard is that the repeal of section 6984 by the act of 1895 did not effect suits pending at the time the repealing act was enacted, and the case of *Files* v. *Fuller*, 44 Ark. 273, is cited in support of this view. That case, however, involved private rights, and in

such cases these rights cannot be invaded or affected by repealing acts of the legislature, except, perhaps, as in mere change of remedies, and then only where the remedial act does not prejudice the private right.

In the case at bar, the two sections are parts of laws regulating the mode of procedure to accomplish a public purpose, through one of the agencies of government—the common school system—where no private rights are involved, and therefore where no private right is or can be invaded. Besides, as we have said in defining the world "citizen," for the purposes of this case there is no essential difference between the section repealed and the one repealing it, since there is no question here whether the districts involved are, one or both, new districts, or both are old districts, and since the majority claimed is a majority of the whole territory of the two districts.

By the provisions of section 7064, Sandels & Hill's Digest, any person whose children and property have been transferred to a district other than that in which he resides may vote in the former—the one to which he has been transferred—on questions of school taxation and for directors, but the privilege is extended no further; for, in order to be competent to sign a petition to change boundaries between districts, one must be an elector and resident in one of the districts to be affected by the change, by the provisions of section 6989 of the Digest.

*Who may petition for change of boundaries.*

Without deciding whether or not a signer of a petition should be privileged to have his name taken off the petition as a matter of right and without a good cause shown, especially when the request to that end is made after the petition has been considered and acted upon in the county court, yet, as the application was made to the county court in this instance, and reiterated in the circuit court on appeal, with an offer to make a good

*Right to withdraw name from petition.*

showing therefor, we think the three Bamsons should have been permitted to erase their names from the petition, on such showing having been made.

The court should have admitted the offered testimony on the part of the defendant tending to show that some of the petitioners on plaintiff's petition were not in fact electors residing in one or the other of the districts.

Evidence held admissible.

Such being the law of the case, we deem it unnecessary to discuss the instructions severally. Suffice it to say that, except as to Nos. 2 and 3 given at the instance of plaintiff, and those upon the court's own motion, in the main, the instructions given were erroneous, and with the exception of No. 4, which is covered by No. 2 for plaintiff, the refused instructions express the law substantially.

The judgment is reversed, and the cause remanded, to be proceeded with not inconsistently with this opinion.

HUGHES, J., did not participate in the consideration of this case.