## SIMMONS v. TERRAL.

Opinion delivered November 1, 1920.

ELECTIONS—"CITIZEN" WITHIN PRIMARY ELECTION LAW.—One who has filed declaration of his intention to become a citizen of the United States, has resided in the State nine years, in the city five years, in the ward since August, 1919, and has paid his poll tax, is a qualified elector under the Constitution and a "citizen" within the primary election law, and therefore a proper party complaining for the purpose of verifying a complaint in a contest of a nomination.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed.

*O. W. Scarborough* and *Gustave Jones,* for appellant.

The court erred in holding Mr. Rushton not a citizen, within the meaning of the law, and dismissing appellant's cause. The first point to be determined is the meaning of the word "citizen," as used in section 12, initiative act No. 1. Webster, Dict., Bouvier, Dict., and Burrill, Dict., *verbum* "citizen;" Blackstone, Com. Prior to the Fourteenth Amendment, U. S. Const., the Constitution never declared who were citizens thereof. The citizens of the several States forming the Confedration were citizens of the several States and not citizens of the Confederation, and when the States ratified the United States Constitution, they remained citizens of the several States and not citizens of the United States. Art. 4, § 2,

Const.; 12 Wall. 418. The Fourteenth Amendment did not confer the right of suffrage on negroes and naturalized person. 13 Am. Rep. 136; 59 Am. St. Rep. 859; 22 U. S. (Law. Ed.), 627.

A person can be a citizen without the right of suffrage. 69 Am. St. 228; 62 Am. Dec. 735; 59 Am. Rep. 105; 36 U. S. (Law. Ed.), 103.

Neither the Fourteenth or Fifteenth Amendment gave Congress any authority for constructive or affirmative legislation thereunder. Neither of them define citizenship nor the privileges or immunities thereof. They are simply declaratory of certain matters, and gave Congress authority to prohibit by appropriate legislation any violation or abridgment of the matters therein declared. Neither of them define citizenship nor what the privileges and immunities of citizens are. 100 U. S. 313; *Ib.* 303. The United States Supreme Court declared the bill of rights legislation by Congress unconstitutional and legislation by States separating the Caucassian from the African or Negro constitutional. 41 U. S. (Law. Ed.), 256; 109 U. S. 3; 133 *Id.* 587. Thus the question of citizenship is not a national question, but one for the States. Each of the States is sovereign and distinct, and prescribes its own laws and qualifications. The same person may be at the same time a citizen of the United States and of the State, but his right of citizenship under one of these governments will be different from the right he has under the other. 16 Wall. 74. The people of the United States resident in a State are subject to two governments, one State, the other National. The power which one possesses, the other does not. They are established for different purposes, and have separate jurisdictions. 23 U. S. (Law. Ed.), 590; 68 Am. Dec. 735; 41 La. Ann. 380; 53 U. S. (Law. Ed.), 97; 182 Fed. 421; 15 U. S. (Law. Ed.), 691; 200 Fed. 170. The United States has not the power to confer nor has it conferred the right of suffrage upon any one. The right to vote comes from the State. 21 Wall. 178. The Fifteenth Amendment does not confer the right of suffrage on any one. 23 U.

S (Law. Ed.), 564.   See, also, 93 Am. St. 55; 87 *Id.* 52.
Rushton is a civil citizen and a qualified elector.   92 U.
S. 542-9; 84 Am. Dec. 701.   The framers of our primary
election law had in mind when they used the words "reputable citizens" qualified electors.   24 Ark. 155; 63 *Id.*
543.   See, also, 38 Miss. 198; 118 Ark. 368; 120 *Id.* 182.

*G. A. Hillhouse,* for appellee.

The word citizen and elector are not synonymous.
Citizen means one born in the United States or naturalized duly here.   The possession of political rights is
not essential to citizenship.   48 N. W. 739.   "Citizen"
is not synonymous with "resident," "inhabitant" or
"person."   120 U. S. 678; 144 *Id.* 263; 7 Md. 209; 169
U. S. 649.   "Citizen" is broader and means more than
"elector."   36 Ann. Cas. 1915 B, 261.   See, also, 159
Fed. 217; 4 Dill. 425.

HUMPHREYS, J.   This is a contest by appellant of
the certification of the nomination of appellee, W. H.
Terral, for assessor, issued by the Democratic County
Central Committee of Jackson County.   The complaint
was filed in the circuit court of said county, under section
12 of the Initiative Act No. 1, vol. 2, Acts of 1917, p.
2287, known as the "Brundidge Primary Election Law."
That section of the law provided in part that "the complaint shall be supported by the affidavits of ten reputable
citizens."   Walter Rushton, one of the affiants to the
complaint, had not made final proof and obtained his
naturalization papers.   Upon that ground, a motion was
filed to dismiss the complaint, which was sustained. From
the judgment dismissing the complaint, an appeal has
been duly prosecuted to this court.

Appellant had filed his declaration of intention to
become a citizen of the United States, had resided in the
State nine years, at Newport five years, in the first ward
thereof since August, 1919, and had paid his poll tax.
Under the Constitution and laws of the State, affiant
was a qualified elector at the time he verified the complaint.   It is contended that, although an elector, affiant

was not a citizen within the purview of the law, not having yet been naturalized. This must depend on the sense in which the Legislature used the word "citizen" in section 12 of said act. The entire subject-matter of the act relates to the elective franchise. It deals with the manner in which the electorate may exercise such rights in primary elections, and corrections of frauds committed therein. Within its technical sense, the word "citizen" might include children, residents or inhabitants for business purposes, or mere sojourners. Yet it is apparent that the act in question has no relation to children, residents or inhabitants for business purposes only, or mere sojourners. Certainly, it was not intended that children or temporary citizens could support the complaint by affidavit. Under the act, nominations are made by either a majority or plurality vote of the duly qualified electors. The duly qualified electors are therefore necessary parties and proper complaining parties on account of frauds perpetrated in the elections. The known object of the law was to prevent frauds in the exercise of political privileges. As these privileges are accorded by the act to electors only, it is quite clear that the word "citizen," as used in the act, was intended by the law-makers as synonymous with "electors." In section 21 of said act, the word "elector" was used in practically the same sense as the word "citizen" in sections 12 and 13 of the act. Both relate to complaints concerning irregularities in the election. In the case of *School District No.* 11 v. *School District No.* 20, 63 Ark. 543, the word "citizen" was defined by the court as synonymous with elector in the use thereof in section 6984 of Sand. & H. Digest to designate a person who might sign a petition to change the boundaries of a school district. The reasoning in that case is equally applicable in the instant one.

For the error indicated the judgment is reversed with directions to reinstate the complaint and overrule the motion to dismiss it.