CRAWFORD *v.* HARMON.

Opinion delivered June 27, 1921.

1.  ELECTIONS—RIGHT TO VOTE IN PRIMARY ELECTION.—In a primary election those persons were not entitled to vote who were members of another political organization or who were not eligible under the established rules of the political party under whose auspices the primary election was held.

2.  ELECTIONS—PRIMARY CONTESTS—UNSIGNED VOTES.—Allegations in a complaint seeking to contest a primary election that the ballots of many persons who voted in certain townships were not signed by the voters, without alleging their names or how they voted, or that their failure to sign their ballots was done fraudulently, or that the election officials failed to keep a register showing the names and number of ballot of each voter, *held* not to state grounds either for disregarding the unsigned ballots or

for discarding the returns in the townships in which such ballots were alleged to have been cast.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran*, Judge; affirmed.

*J. D. Benson, J. P. Clayton, T. A. Pettigrew* and *Evans & Evans*, for appellant.

This was a Democratic primary election, and it was error to allow Republicans to vote and count their votes. If the illegal votes had been thrown out, appellant clearly received a majority of the votes cast legally. 20 C. J., par. 158, p. 137; 109 Ark. 250; 43 Ark. 62.

The requirement that ballots shall be endorsed is mandatory. 69 Ark. 501; 79 *Id.* 236; 98 *Id.* 505; 108 *Id.* 515. To justify the annulment of an election, it is not necessary to show that a majority of the electors were actually prevented from voting or voted against their wishes; it is sufficient to show that wrongs against the freedom of elections prevailed generally and to the extent of rendering the result doubtful. 53 Ark. 161. See, also, 86 Ark. 259, where the fraudulent conduct of election judges discredited the returns.

*G. C. Carter, David Partain* and *G. L. Grant,* for appellee.

1. The abstract of appellant is insufficient and discloses no errors.

2. The testimony sustains the findings and judgment below.

3. The court properly sustained the demurrer to the third paragraph. The court did not throw out enough votes to change the result of the election. 85 S. W. 1183; 154 Pac. 2; 44 N. E. 803. Under the evidence and proof the judgment should be sustained.

There was no error in sustaining the demurrer to the complaint. The complaint did not allege that the parties named were known to have voted against the Democratic nominees or any of them, nor was their right to vote questioned by any well known Democrat or election official  The judges are the proper triers of the issues

raised at the election, and their decision is final, as the presumption is that officers have acted properly and honestly.

McCULLOCH, C. J.   At the general primary election held on August 10, 1920, for the purpose of nominating candidates of the Democratic party, appellant and appellee were opposing candidates for the office of sheriff of Franklin County, and upon the canvass of the votes appellee was returned as the successful candidate by a majority of 43 votes, having received 941 votes and appellant having received 898 votes.

Appellant instituted a contest in the circuit court pursuant to the statute (Crawford & Moses' Digest, § 3772), and in his complaint containing numerous paragraphs he set forth his grounds for the contest.   He alleged, in substance, that certain members of the Republican party in Franklin County were allowed to vote and voted for appellee; that certain other persons who had not been affiliated with the Democratic party and who were ineligible to vote under the rules of the party were permitted to vote in said election and cast their ballot for appellee; that certain persons who were not qualified electors because of the fact that they had not paid their poll tax, were permitted to vote at the election and voted for appellee; that in certain townships the ballots cast by the voters were in many instances unsigned and that the judges of the election in some of the precincts were guilty of electioneering in violation of the statute and permitted ballots to be cast where the voters were not in fact present.   The court sustained a demurrer to three of the paragraphs of the complaint, and after an answer was filed by appellee the cause proceeded to a trial on the pleadings and the evidence adduced.   The trial resulted in a finding by the court in favor of appellee.   The court found that appellee received 884 legal votes at the election and that appellant received 800 legal votes, a majority of 84 votes in favor of appellee.

It is thus seen that, according to the findings of the court, appellee received a greater majority of legal votes than had been given him in the certificate of the canvassing board.

In one of the paragraphs of the complaint to which the court sustained a demurrer it was alleged that the judges of the election in certain townships had allowed to vote 23 persons affiliated with the Republican party and two persons affiliated with the Socialist party. In another paragraph of the complaint to which the court sustained a demurrer it was alleged that the judges of the election in certain townships had permitted 45 persons to vote who were not, under the established rules of the Democratic party, entitled to vote, for the reason that said persons had not supported the nominees at the last preceeding general election, and that said persons had cast their ballots for appellee. Under the law as declared by this court in the recent case of *Ferguson* v. *Montgomery*, 148 Ark. 83, the court erred in sustaining the demurrer to these two paragraphs. We held, in that case, that persons were ineligible to vote in a primary election who were members of another political organization or who were not eligible under the established rules of the political party under whose auspices the primary election was held. In other words, we held that the rules of the political organization not in conflict with the statutes would be controlling in determining the qualifications of the voters. It does not follow, however, that this error of the court would result in a reversal of the cause, for, if it be conceded that the ballots of all the persons named in these two paragraphs were illegal and should be subtracted from the count, it is insufficient to change the result, for these paragraphs only mention 70 illegal votes, and the court found that appellee had received the nomination by a majority of 84 votes. After deducting the alleged illegal votes mentioned in these two paragraphs, it still leaves appellee, under the finding of the court, with a majority of 14 votes. It appears that, notwithstanding the sustaining of the demurrer, the court

permitted the parties to introduce proof concerning the allegations as to Republicans being allowed to vote, and there is proof tending to show that some of the persons mentioned in the paragraphs of the complaint were in fact eligible. But, even disregarding this proof, the allegations of the excluded paragraphs are not sufficient to show that there were enough illegal votes cast for appellee to change the result as found by the court.

In the other paragraph of the complaint to which the court sustained the demurrer, it was alleged, in substance, that the ballots of many persons who voted in certain townships were not signed by the voter, as required by law; that appellant had no means of ascertaining and stating the names of said voters who failed to sign their ballots, and that those facts could only be ascertained by an inspection of the ballots themselves. The paragraph contained no allegations with respect to the names of any of the persons who are alleged to have cast the unsigned ballots. Nor is there any allegation with respect to how those persons voted. It is not alleged that the election officials failed to keep and return a register showing the names of each person who voted and the number of the ballot of each person. Nor is it alleged that the ballots were left unsigned with any fraudulent intent on the part of the voter or any of the election judges. This being true, the allegations of the complaint were insufficient to afford grounds either for disregarding the unsigned ballots or for discarding the returns in the townships in which such ballots were alleged to have been cast. *Ferguson* v. *Montgomery, supra.* It was held in that case that the statute affords two methods of identification of the ballots—one by the signatures of the voters and the other by the register kept by and returned by the election officials—and that the failure to observe one of those methods, unless done with fraudulent purposes, would not afford grounds for disregarding the vote of the precinct.

In the present instance there is no allegation even that the unsigned votes were cast for appellee, and for

this reason also the paragraph failed to state a cause of action. It is not shown that the court erred in its findings as to the majority of 84 votes received by appellee. We find no error of the court in the proceedings. There was proof adduced in one instance that the judges of the election of a certain township accepted the ballot of an elector who was not actually present at the polls. The facts were that J. P. Locke, a qualified elector, was sick at his home a short distance from the polling place, and one of the election judges went to Mr. Locke's home and received the ballot and took it back to the voting place and deposited it in the box. It does not appear that this was done with any fraudulent design, but with an honest purpose on the part of the judges to permit the sick man to cast his ballot. The court properly threw out this ballot as having been illegally cast, but it afforded no ground for discarding the whole vote of the precinct.

It is argued in the brief that the court improperly threw out the votes of 98 qualified electors who had paid their poll taxes because their names did not appear on the official poll list. This assignment is not, however, sustained by the record, at least, we fail to find it in the record, and the abstract does not call attention to any page of the record which sustains this contention.

There are other errors which are unnecessary to discuss for the reason that the abstract is not sufficient to show that the assignments are well founded.

Judgment affirmed.