## BOWERS *v.* STATE.

### Opinion delivered September 25, 1922.

ELECTIONS—CONTEST—REPUTABLE CITIZENS.—In a contest for the office of road overseer for a single township, only the electors of such township were "reputable citizens" within Crawford & Moses' Dig., § 3772, requiring that the complaint in such case be supported by the affidavit of at least 10 reputable citizens.

Appeal from Lonoke Circuit Court; *Geo. W. Clark,* Judge; affirmed.

*G. E. Morris* and *Jas. B. Gray,* for appellant.

*G. W. Hendricks,* for appellee.

HART, J. H. B. Bowers filed a contest in the circuit court against C. E. Hollis for the office of road overseer of Gray Township, Lonoke County, Ark. He filed the affidavits of ten Democratic electors of Lonoke County in support of his petition for contest. Only two of these affiants resided in Gray Township, and, on motion of C. E. Hollis, the circuit court dismissed the petition for contest of H. B. Bowers on the ground that the ten supporting affiants required by the statute must reside in Gray Township.

The case is here on appeal, and is submitted for immediate decision by consent of the parties.

This appeal involves the construction of sec. 3772 of Crawford & Moses' Digest, regulating the contest of primary elections. It provides, in part, that, if the contested office is a county or township office, the action shall be brought in the circuit court of the county, and if for a circuit or district office, in any circuit court in the circuit or district where any of the wrongful acts occur. The particular portion of the statute to be construed provides that the complaint in such cases shall be supported by the affidavit of at least ten reputable citizens.

In *Simmons* v. *Terrell,* 145 Ark. 585, it was held that the word "citizens," as used in the section is synonymous with the word "electors."

In *Ferguson* v. *Montgomery,* 148 Ark. 83, the court said that the object of the statute was to give the electors of recognized political parties the immediate control in the selection of their own candidates. It was held, therefore, that only those who are entitled to participate in the primary are directly interested in the election and can be said to be reputable citizens or electors within the meaning of the statute. Now, the electors of Gray Township only could participate in the election of a road overseer for that township. Hence the affiants must be electors of Gray Township.

Of course, in the case of a county, circuit, or district office, the electors of the particular party holding the primary in the whole county may vote in the primary election and are therefore directly interested in the result of such election. Hence they might become supporting affiants under the statute, even though only one township in the county was being contested. The contest of the votes in a particular township might change the result of the whole election, and those living outside of the township who might participate in the election are therefore equally interested with the electors residing in the township where the votes are contested.

As above stated, it is equally apparent that in the case of a contest for a township officer only the electors of the particular township may vote in the election, and consequently are directly interested in the result thereof.

It follows that the circuit court properly held that in the case of a contest for the office of road overseer for a single township only the electors of that township were reputable citizens within the meaning of the statute.

The judgment must be affirmed.