CULPEPPER *v.* MATHEWS.

Opinion delivered January 19, 1925.

1. ELECTIONS—PRIMARY CONTEST—"CITIZENS" DEFINED.—Under Crawford & Moses' Dig., § 3772, providing that the complaint in a contest for a nomination "shall be supported by the affidavit of at least ten reputable citizens," the word "citizens" is synonymous with "electors," and such affiants must be of the same political party with the contestant.

2. ELECTIONS—PRIMARY CONTEST—SUPPORTING AFFIDAVIT.—Under Crawford & Moses' Dig., § 3772, requiring that the affidavit in support of a primary election contest "shall be filed within ten days of the certification complained of," such affidavit is jurisdictional and must be filed within the time specified.

3. ELECTIONS—PRIMARY ELECTION—RIGHT TO VOTE—In determining the political status of one who claims the right to vote in a primary election or to sign the supporting affidavit in a contest thereof, the rules of the party conducting the primary are conclusive.

4. ELECTIONS—PRIMARY CONTEST—EVIDENCE.—Evidence *held* to sustain a finding that some of the ten necessary signers of the affidavit supporting the complaint in a primary election contest were not members of the same political party as the contestant.

Appeal from Grant Circuit Court; *Thomas E. Toler,* Judge; affirmed.

*Isgrig & Dillon,* for appellant.

The second and third paragraphs of complaint state a cause of action, in that they allege a total number of votes not credited to the appellant in two townships of 115, whereas the appellee's admitted plurality was 79. The demurrer admits these facts. 133 Ark. 163. The complaint was supported by the affidavit of twelve citi-

zens of Grant County and was in conformity with the statute. We must look to the rules of the Democratic Party of the State to determine who are members thereof and entitled to participate in the primary election conducted by it. 148 Ark. 585; 149 Ark. 343. The supporting affidavit affirmatively stated that the affiants were citizens, qualified electors and Democratic voters of Grant County. The burden of proving otherwise was on the appellee, and that burden has not been met by any convincing testimony showing disqualification of any of the affiants. Neither was there any competent proof that any of the affiants had violated any of the rules of the party. 165 Ark. 565. The demurrer on the ground that there was a third candidate for the office of sheriff, who was not made a party, and that this constituted a defect of parties, is not tenable. He did not receive a certificate of nomination, and was not a necessary party. C. & M. Digest, § 3772; 136 Ark. 217. Section 44 of the rules of the Democratic party merely pledged a candidate in the primary, who may be defeated, from becoming a candidate in the general election in opposition to the regular nominee, and has no reference to contesting a certificate of nomination.

*Sidney J. Reid, T. Nathan Nall* and *Rowell & Alexander,* for appellee.

The complaint in this case falls squarely within the rule laid down in the case of *Hill* v. *Williams,* 165 Ark. 421, and the demurrer was properly sustained. A. V. Hope, the third candidate for sheriff, was not made a party. Demurrer is proper where there is a defect of parties. C. & M. Digest, § 1189. The burden of proof is on the contestant. 160 Ark. 269, 273; 165 Ark. 421; *Id.* 455. It is not permissible for any voter to vote in a primary election of any political party who is not a member of such party. 148 Ark. 85, 90. The affidavit of ten reputable citizens attached to the complaint is jurisdictional. 136 Ark. 217; 145 Ark. 585; C. & M. Digest, § 3772.

McCulloch, C. J. This appeal involves a contest over the Democratic nomination for the office of sheriff of Grant County, appellant and appellee and another person being the rival candidates. Appellee was returned as the successful candidate, and a certificate of nomination was awarded to him. Appellant instituted the contest, alleging fraud in the issuance of poll-tax receipts and in counting the returns of the votes cast, and he filed with his complaint the supporting affidavit of twelve persons, purporting to be reputable citizens of the county and members of the Democratic Party. Appellee filed a special plea, challenging the jurisdiction of the court on the ground that the supporting affidavit was not made by ten persons qualified under the statute, in that some of them were not members of the Democratic Party. The case was heard by the court on oral testimony concerning the political status of the persons signing the affidavits, and, after hearing the evidence, the court sustained the motion and dismissed appellant's complaint.

There were twelve persons who signed the affidavit, and there was evidence tending to show that four of them were not members of the Democratic Party, but, on the contrary, were members of the Republican Party. While there was some testimony to the effect that these men, or some of them, were at times permitted to vote in the Democratic primary, there was evidence tending to show that they had openly declared themselves to be Republicans and affiliated with that party, some of them having voted for the Republican candidates at the preceding election, and others having attended Republican conventions and served on committees in the organization of that party. The evidence was legally sufficient to warrant the finding by the court that each of these four men were Republicans and not Democrats. There was another one of the persons whose political status was challenged as a Democrat—a man named Jeffcoat—and it was claimed that he was a Socialist, and not a Democrat. The testimony against him is manifestly weaker

in degree than that against the others, and we need not discuss the question whether or not the evidence is sufficient to show that he is not a Democrat.

We have concluded that the evidence is sufficient to warrant a finding that the four persons alleged to be Republicans were, in fact, members of that party, and, since the elimination of their names reduces the number of the affiants to eight, which is below the statutory number required, it is unnecessary to determine whether any more of the affiants were lacking in qualifications.

The statute (Crawford & Moses' Digest, § 3772) provides, in substance, that the complaint in a contest for a nomination "shall be supported by the affidavit of at least ten reputable citizens, and shall be filed within ten days of the certification complained of." We decided in *Simmons* v. *Terral,* 145 Ark. 585, that the word "citizens" as used in the statute is synonymous with the word "electors," and in *Ferguson* v. *Montgomery,* 148 Ark. 83, we held that the language used in the section of the statute referred to clearly implies that the affiants must be members of the same political party with the contestant.

In *Logan* v. *Russell,* 136 Ark. 217, it was held that the filing of the supporting affidavits within ten days, as required by statute, was essential in order to give the court jurisdiction to entertain the contest.

At the trial of the case there was introduced in evidence a copy of the rules of the Democratic Party, and it appears therefrom that § 2 of the rules provides that membership in the party "shall consist of all eligible and legally qualified white electors, both male and female, who have openly declared their allegiance to the principles and policies of the Democratic Party, as set forth in the platform of the last preceding Democratic National and State convention, who have supported the Democratic nominees in the last preceding elections, and who are in sympathy with the success of the Democratic Party in the next succeeding election." This is a very broad definition, and we think the court was warranted in

finding that the four persons named as being Republicans were such, in fact, and that they were not Democrats within the qualifications prescribed by the rules of the party.

It will be observed that, in order to become qualified to vote in a Democratic primary, a person must not only be a qualified elector and shall have supported the Democratic nominees in the last preceding election, but must also be one who has openly declared his allegiance to the principles and polices of the Democratic Party, and must be in sympathy with the success of the party at the next succeeding election.

We decided in *Ferguson* v. *Montgomery, supra,* and in *Crawford* v. *Harmon,* 149 Ark. 343, that the rules of the party are controlling in determining the political status of one who claims the right to vote, or to sign the supporting affidavits in a contest.

There being sufficient evidence to support the finding of the court, there is no error in the proceedings, and the judgment must be affirmed.