EDWARDS *v.* WILLIAMS.

5-2673                                                          356 S. W. 2d 629

Opinion delivered April 30, 1962.

*Guy H. Jones* and *Francis T. Donovan,* for appellant.

*Clark, Clark & Clark,* for appellee.

SAM ROBINSON, Associate Justice.   Appellant, Moore Edwards, and J. L. Williams were opposing candidates for the office of Committeeman of the Democratic Party for Cypress Township, Faulkner County, in the Democratic primary held July 26, 1960. They each received 64 votes. Williams was the incumbent committeeman and accordingly would hold office until his successor was certified as being elected.

Edwards filed this suit to contest the outcome of the election alleging that certain illegal votes were cast for Williams. A pleading designated "Answer and Cross Complaint" was filed by Williams denying the allegations of the Complaint and alleging that certain illegal votes were cast for Edwards. Appellant filed a motion to dismiss the so-called "Cross Complaint" because the pleading was not verified. The trial Court overruled the motion and appellant has made the Court's action in that respect one of his points on appeal.

Ark. Stats. 3-245 requires that the Complaint in an action of this kind be verified. There is no requirement for verification of the Answer. Although the document in question is styled "Answer and Cross Complaint" it is nothing more than an Answer asserting defenses to the Complaint. *McLain* v. *Fish*, 159 Ark. 199, 251 S. W. 686, is directly in point. There the Court said: "Appellant filed a motion to strike out the affirmative allegations of the answer with respect to charges of illegal voting, on the ground that these allegations constituted a cross-complaint, and that such an attack could not be filed except within ten days after the date of the certificate of nomination, and must be supported by the affidavits of ten qualified electors. The court overruled the motion, and appellant saved his exceptions. . . . A contestee, for the purpose of raising issues of fact concerning the true result of an election, may present new matter without being required to comply with the statute with respect to the time and manner of instituting the contest. Our conclusion is therefore that the point made by appellant cannot be sustained."

The parties stipulated in the trial court that appellant, Edwards, challenged only seven votes cast for appellee, Williams, and that Williams challenged only five votes cast for Edwards. After considering all the evidence, the trial court ruled that appellant received 58 valid votes and appellee received 61 such votes. On appeal appellant argues that the trial court erred in holding invalid the votes of Donnell Russell, Mrs. Donnell Russell, James Bradley, Mrs. James Bradley, Mrs. E. R.

Wilson and Mrs. Alvin Tanner and that the Court erred in holding valid the vote of Edna Louise Wilson.

The trial court found that Mr. and Mrs. Donnell Russell were not residents of Faulkner County at the time of the election held on July 26, 1960; that the Russells had moved from Faulkner County on June 3rd or 4th. Mr. Russell was asked: "Q: How long have you been in Little Rock? Since about the 4th of June? A: Yes. The 4th of June is when we moved in." It is clear from Russell's testimony that he moved to Little Rock in Pulaski County on June 4th and that he and his wife were not residents of Faulkner County at the time of the election.

In *Wilson* v. *Luck*, 203 Ark. 377, 156 S. W. 2d 795, the Court said: "Section 1, of art. III, of the Constitution, prescribing the qualifications of electors, requires that the elector 'has resided in the state twelve months, and in the county six months, and in the voting precinct or ward one month, next preceding any election, where he may propose to vote, . . .' If he has thus resided, then he (and, now, she, also) 'shall be entitled to vote at all elections by the people.' This requirement, as to residence, is, of course, mandatory, and requires the elector to vote in the precinct or ward in which he had resided for one month next preceding the election, and not elsewhere. No consideration of the convenience of the elector or any practice in which he may have been permitted to indulge can abrogate and render nugatory this mandatory provision of the constitution."

Next appellant contends that the trial court erred in holding that Mr. and Mrs. James Bradley and Mrs. Alvin Tanner were ineligible to vote in the Democratic primary. Ark. Stats. 3-256 provides: "All violations of this act shall be misdemeanors and shall be punished by fine of not less than one hundred dollars [$100.00] nor more than five hundred dollars [$500.00], and by imprisonment in the county jail for not less than thirty [30] days nor more than twelve [12] months. The following shall be deemed misdemeanors for the violation of this

act, to wit: . . . (c) Casting a vote in a primary of a party to which the voter does not adhere or affiliate; provided, this does not apply to any one in good faith abandoning previous political affiliations.''

There is substantial evidence, in fact the preponderance of the evidence shows that Mr. and Mrs. Bradley did not affiliate or adhere to the Democratic party within the meaning of the statute. Mr. Bradley testified that he is neither a Democrat nor a Republican; that he is classified as an independent and in referring to his wife he stated: ''She is just like I am.'' He was selected as an election official by the Republican party and served as such, but stated that he would have served if he had been requested by the Democrats.

The evidence is not so strong as to the party affiliation of Mrs. Alvin Tanner, but she served as an election official, having been selected as such by the Republicans. She testified, however, that this was subsequent to the Democratic primary. Even if we should hold that Mrs. Tanner was qualified to vote in the Democratic primary it would not help appellant, because he would then have only 59 votes, whereas appellee received 61 valid votes.

Mrs. E. R. Wilson is an invalid and uses a wheel chair. She was brought to the polls in an automobile and driven to a point near the front porch of the voting place, remaining in the car. One of the judges took a ballot to her and she marked it. The judge then returned to the inside of the voting place and placed the ballot in the ballot box. The trial court held Mrs. Wilson's vote to be invalid. Ark. Stats. 3-834 provides: ''No person shall be permitted to carry a ballot outside of the polling place.'' *Crawford* v. *Harmon,* 149 Ark. 343, 232 S. W. 427, is controlling. There the Court said: ''The facts were that J. P. Locke, a qualified elector, was sick at his home a short distance from the polling place, and one of the election judges went to Mr. Locke's home and received the ballot and took it back to the voting place and deposited it in the box. It does not appear that this was done with any fraudulent design, but with an honest purpose on the part of the judges to permit the sick man

to cast his ballot. The court properly threw out this ballot as having been illegally cast, but it afforded no ground for discarding the whole vote of the precinct."

Appellant challenged the vote of Miss Edna Louise Wilson on the ground that she was not 21 years of age at the time of the election. Although there was evidence to the effect that Miss Wilson was not 21 years of age until August 19, 1960, there is substantial evidence to the effect that she reached that age on July 19, 1960. Her mother testified to that effect and produced a leaf from the family Bible showing that July 19 was Miss Wilson's correct birthday.

Affirmed.