Mr. Charles Tapp, Chairman Garland County Election Commission 501 Ouachita Hot Springs, AR 71901
Dear Mr. Tapp:
This is in response to your request for an opinion on a particular question involving the casting of ballots by disabled voters. You have stated the problem as follows:
 A qualified elector presents himself or herself at the polling place in an automobile driven by another person. The elector is obviously severely disabled, and does not have the proper equipment to leave the automobile, but the automobile can be parked conveniently within the 100 foot area contemplated by A.C.A. § 7-1-103. It is possible for us to service this elector by sending at least two election officials to the automobile with a proper ballot, verify the elector's identification, have the elector sign on the voting record, allow the elector to mark his or her ballot in the privacy of the automobile, and then the election officials can carry the ballot back to the voting machine (we use the BRC Eagle system) in a "privacy sleeve" and cast the vote in absolute secrecy. We fear that is we cannot consider the 100 foot area as part of the "polling place," we would not be able to service this elector and [sic] required by the ADA.
It is my opinion that a ballot cast in this manner would in all likelihood be deemed invalid under A.C.A. § 7-5-308 (Repl. 1993), which states:
 No person shall be permitted to carry a ballot outside of the polling place.
The Arkansas Supreme Court was faced with essentially this same question in the case of Edwards v. Williams, 234 Ark. 1113, 356 S.W.2d 629
(1962), wherein a particular vote was challenged under Ark. Stat. 3-834, a predecessor statute identical to A.C.A. § 7-5-308.[1] In Edwards, one of the election judges took a ballot to a disabled voter's automobile which was parked at a point near the front porch of the voting place.234 Ark. at 1116. The voter marked her ballot from the automobile and the judge "then returned to the inside of the voting place and placed the ballot in the ballot box." Id. The court upheld the trial court's determination that the vote was invalid, citing without discussion Ark. Stat. 3-834 ("No person shall be permitted to carry a ballot outside of the polling place[,]") and Crawford v. Harmon, 149 Ark. 343, 232 S.W. 427
(1921) (involving the delivery of an election ballot to a qualified elector who was sick at his home a short distance from the polling place).
It is clear in Edwards that the election judge was deemed to have carried the ballot outside of the polling place when he took it to the disabled voter's automobile, nothwithstanding the proximity of the automobile to the "voting place." Id. I cannot conclude, following Edwards, that the "polling place" can be construed to include a parked automobile. Nor, in my opinion, is A.C.A. § 7-1-103(9) (Supp. 1995), relevant to this determination. This provision prohibits "any electioneering of any kind whatsoever within one hundred feet (100') of any polling place on election day." An election judge would not, in my opinion, be engaging in "electioneering" by taking a ballot to a disabled voter's automobile.See generally McGruder v. Phillips County Election Comm'n, 850 F.2d 406
(8th Cir. 1988) (regarding distinction between voting aids, including sample ballots, and campaign materials for purposes of § 7-1-103(9)). While § 7-1-103(9) would thus not prohibit such a practice, nor in my opinion does it stand for the proposition that the one hundred foot area is thereby considered part of the polling place. The language of subsection (9) on its face belies any assertion that the polling place includes this one hundred foot area. Its prohibition extends to the area "within one hundred feet (100') of any polling place." (Emphasis added.)
Thus, § 7-1-103(9) simply does not address this matter. Your question is governed, instead, by § 7-5-308 as applied in Edwards v. Williams,supra.
With regard to the Americans With Disabilities Act ("ADA"), codified primarily at 42 U.S.C. § 12101 et seq., as you have noted compliance with this federal act in the conduct of elections is generally the issue in current litigation involving your election commission. While I do not believe the ADA mandates the practice or procedure outlined in your correspondence involving automobiles, the long-standing policy of this office prevents me from opining on the merits of the ongoing case. You may wish in the alternative to consult your counsel in the litigation with an eye toward whether to seek a judicial ruling on this matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Ark. Stat. 3-834 was repealed by the 1969 Election Code, of which A.C.A. § 7-5-308 is a part.